IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMMIE L. HULLETT, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | |
| ] | Case No.: 2:12-cv-02831-KOB |
| UNITED STATES OF AMERICA, ] | |
| ] | |
| Defendant. ] | |
| ] | |

## MEMORANDUM OPINION

This matter comes before the court on plaintiff Sammie L. Hullett's "Motion to Reconsider." (Doc. 92). Hullett asks the court to reconsider its ruling in favor of the United States of America after a January 20, 2015 bench trial. (Doc. 88).

Hullett's brief meanders from subject to subject without clear headings or section breaks. Essentially, Hullett argues that the court should not have allowed the government's expert, Dr. Carlton Young, to testify at trial and that without Young's testimony the government failed to rebut Hullett's argument that the Birmingham Veterans Administration Medical Center left a catheter fragment in Hullett after surgery . Alternatively, Hullett argues that if Dr. Young's testimony is allowed, his testimony and the other evidence presented by Hullett prove a case of negligent mis-diagnosis by Hullett. Hullett's argues that "[i]t doesn't seem that this expert can have it both ways, the fragment, catheter is not in the Plaintiff, but it was lost in December, 2007; which is it lost or nonexistent or incorrect data reporting." (Doc. 92, 17).

The court is not persuaded by Hullett's arguments. Thus, the court **DENIES** Hullett's

1

motion to reconsider.

## I.   Procedural Posture

Hullett filed his complaint on August 28, 2012. (Doc. 1). Hullett's complaint is a mish-mash of unnumbered paragraphs and disjointed headings. Hullett appears to make the following claims in his complaint:

1. "Count One Negligence 1," which appears to be a tort claim for breach of the standard of care by (1) failing to inspect a catheter before removal; (2) failing to inspect a wound; (3) failing to account for all hardware used in catheterization; (4) leaving a foreign body in Hullett; and (5) failing to diagnose a dangerous condition;
2. "Negligence Two," which appears to be a claim for breach of the standard of care by failing to properly fix Hullett's catheter line on December 25, 2007;
3. "Count Two," which appears to be a negligent infliction of emotional distress claim; and
4. "Count Three," which appears to be a medical malpractice claim for violation of the standard of care, mis-diagnosis, and failure to warn resulting from the VA's failure to measure Hullett's catheter line.

(Doc. 1). The government answered on November 5, 2012. (Doc. 9).

Hullett objected to government expert Dr. Young on January 19, 2014 because, according to Hullett, Dr. Young is not qualified to interpret radiographs and missed images of the retained catheter fragment in Hullett. (Doc. 51). The court held a hearing on the motion on April 16, 2014, and largely denied Hullett's *Daubert* motion. (Doc. 70).

The court held a pretrial conference on May 28, 2014. (*See* unnumbered docket entry from May 28, 2014). The court entered a Pretrial Order on June 18, 2014 based on the parties' proposed pretrial order. (Doc. 75). The Contested Issues of Fact in the Pretrial Order only discuss whether the VA left a catheter fragment in Hullett. (Doc. 75, 5-6). Mis-diagnosis is not discussed. (Doc. 75, 5-6). The Agreed Applicable Propositions of

Law in the Pretrial Order only discuss how Alabama law treats retained foreign objects. (Doc. 75, 6-10). Hullett's position statement only discusses his retained foreign object theory of liability. (Doc. 75, 11-12). The government's position statement only discusses a retained foreign object theory of liability. (Doc. 75, 12-15).

The court held a bench trial for all of Hullett's claims on January 20, 2015. All of Hullett and the government's evidence focused on whether the VA left a catheter fragment in Hullett. Hullett did not present evidence related to mis-diagnosis by the VA. The court ruled in favor of the government and against Hullett. (*See* unnumbered docket entry from January 20, 2015).

The court entered Findings of Fact and Conclusions of Law on January 27, 2015. (Doc. 87). The court also entered a Final Judgment in favor of the government and against Hullett on January 27, 2015. (Doc. 88).

Hullett filed an amended motion to reconsider on February 19, 2015. (Doc. 92).

## II. Standard of Review

Whether to grant a motion to reconsider under Federal Rule of Civil Procedure 59(e) or 60(b) is within the discretion of the trial court. *See Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014). A motion to reconsider "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Maryland v. Am. Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)).

Three grounds justify reconsideration of an order: (1) an intervening change in the law,

(2) the availability of new evidence, and (3) the need to correct a clear error or manifest injustice. *See, e.g., Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Reconsideration is an *extraordinary* remedy that should be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Sonnier v. Computer Programs & Systems, Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001).

As Hullett points out in his motion, "Court[] opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

### III. Analysis

#### A. Dr. Young*'s Daubert* Motion

Hullett spends multiple pages in his brief re-arguing his *Daubert* motion to exclude Dr. Young. (*See* Doc. 92, 8-15, 19-21). However, Hullett does not show any intervening change in the law regarding *Daubert* motions or any new evidence uncovered since the court ruled on Hullett's *Daubert* motion on April 16, 2014.

Further, Hullett does not even clearly argue that clear error or manifest injustice exists. Hullett just re-argues his *Daubert* motion in his motion to reconsider. This tactic is a fundamental misunderstanding of the limited appropriateness of a motion to reconsider. *See Quaker Alloy Casting Co.*, 123 F.R.D. at 288.

#### B. Negligent Mis-Diagnosis Claim

Hullett also argues that he proved a negligent mis-diagnosis claim at trial and that the court's ruling, focused only on the retained foreign object claim, is incorrect. Hullett does not

present any intervening change in the law or new evidence and, thus, bases his argument solely on the need to correct clear error or manifest injustice. No error or injustice exists, however.

      First, Hullett never articulated in his complaint any negligent mis-diagnosis claim throughout the stages of this litigation. Hullett never proffered an expert witness as would be required under Alabama law to establish a negligent mis-diagnosis claim. Ala. Code § 6-5-548; see *Sorrell v. King*, 946 So. 2d 854, 861 (Ala. 2006). Hullett did not present law, fact, or a position statement regarding a negligent mis-diagnosis claim in the Pretrial Order. The government did not mention a negligent mis-diagnosis claim in its position statement or prepare to defend a negligent mis-diagnosis claim. Hullett did not present evidence to prove a negligent mis-diagnosis claim at trial.

      As the court noted on the record at trial:

> Neither plaintiff's administrative claim nor the complaint filed in this case nor the pretrial order assert what could conceivably be viewed as a cause of action for negligent misdiagnosis of the fragment that did not actually exist as a catheter fragment.

(Doc. 95, 15). Hullett argues that he did plead a mis-diagnosis claim in his complaint and, thus, the court's statement at trial is incorrect. However, the words mis-diagnosis are barely in Hullett's confusing and badly structured complaint and even if he had properly plead the claim in his complaint, he abandoned the claim by trial.

      Second, even if Hullett had presented a negligent mis-diagnosis claim, he failed to prove this claim at trial and, thus, reconsideration would be futile. Hullett offered no expert medical testimony at trial showing how Hullett's alleged mis-diagnosis violated the standard of care as required by Alabama law. As the court noted on the record at trial:

5

> Even if the plaintiff could theoretically amend the complaint to conform to the evidence that instead of having a fragment he was misdiagnosed as not having a fragment, then I find that such a claim would be barred by the applicable statute of limitation, statutes of repose, and the administrative claim requirement of submitting claims to the VA before pursuing it.
>
> Even if those claims could somehow be construed to state a claim for negligent misdiagnosis, then the defendant is still entitled to judgment because the plaintiff failed to present any evidence, expert or otherwise, to support a claim for negligent misdiagnosis.

(Doc. 95, 15-16). Instead Hullett traveled on his retained foreign object theory to avoid the need to present expert testimony regarding the standard of care. He failed to meet his burden of proof at trial.

### IV.     Conclusion

In summary, the court declines to reconsider its judgment in favor of the government and against Hullett. No intervening change in the law or new evidence exists. Further, no clear error or manifest injustice exists. Instead, Hullett merely retries his case in his motion to reconsider. This tactic is a fundamental misunderstanding of the limited appropriateness of a motion to reconsider. *See Quaker Alloy Casting Co.*, 123 F.R.D. at 288.

Therefore, the court **DENIES** Hullett's motion to reconsider.

**DONE** and **ORDERED** this 31st day of March, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE